UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:16-cr-167-JMS-MJD-02 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| MAHDI KHELIFI | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 1:16-cr-00167-JMS-MJD |
| MAHDI KHELIFI, | ) ) -02 |
| Defendant. | ) ) ) |

## ORDER

Defendant Mahdi Khelifi has filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 386. Mr. Khelifi seeks immediate release from incarceration based on his risk of severe illness should he contract COVID-19. *Id.* For the reasons explained below, his motion is **DENIED**.

### I.    Background

In 2018, a jury convicted Mr. Khelifi of: (1) one count of conspiracy to commit racketeer influenced and corrupt organizations, in violation of 18 U.S.C. § 1962(d); (2) one count of conspiracy to commit mail fraud, in violation of 18 U.S.C. §§ 1341 and 1349; (3) two counts of conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 1343 and 1349; and (4) one count of interstate transportation of stolen property, in violation of 18 U.S.C. §§ 2 and 2314. Dkt. 283. The Court sentenced him to 75 months of imprisonment and two years of supervised release. *Id.* Mr. Khelifi represents that he has served about 34 months of his sentence. Dkt. 386 at 1. The federal Bureau of Prisons ("BOP") lists his anticipated release date (with good-conduct time included) as April 22, 2024.

Mr. Khelifi is 29 years old. He is currently incarcerated at FCI McKean in Bradford, Pennsylvania. As of October 28, 2021, the BOP reports that zero inmates and 7 staff members at FCI McKean have active cases of COVID-19; it also reports that 401 inmates at FCI McKean have recovered from COVID-19 and that no inmates at FCI McKean have died from the virus. https://www.bop.gov/coronavirus/ (last visited October 28, 2021). The BOP also reports that 849 inmates at FCI McKean have been fully inoculated against COVID-19. *Id.* That is, more than 80% of the inmates at FCI McKean have been fully inoculated against COVID-19. *See* https://www.bop.gov/about/statistics/population_statistics.jsp (showing that as of Oct. 28, 2021, the BOP reports that FCI McKean and its satellite camp have a total inmate population of 1024).

Mr. Khelifi is one of the inmates at FCI McKean who has recovered from COVID-19. He is also one of the inmates at FCI McKean who has been fully vaccinated against the virus. Despite this, he has filed a pro se motion for compassionate release, arguing that he is entitled to compassionate release because he is at risk of severe illness if he contracts COVID-19 again. Dkt. 386. Upon review, the Court concludes that it can resolve the motion without a response from the United States. Consequently, the motion is now ripe for decision. As explained below, Mr. Khelifi has not presented an extraordinary and compelling reason warranting relief under § 3582(c)(1)(A). Thus, his motion must be denied.

## II. Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence upon finding there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United*

*States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). But, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

The risk that Mr. Khelifi faces from the COVID-19 pandemic is not an extraordinary and compelling reason to release him. While the Court sympathizes with Mr. Khelifi's fear of contracting the virus again, the general threat of contracting COVID-19 is not an extraordinary and compelling reason warranting a sentence reduction. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."); *United States v. Jackson*, No. 1:18-cr-314-RLY-MJD-01, dkt. 33 (S.D. Ind. Aug. 12, 2020) (concluding that the general threat of contracting COVID-19 is not an extraordinary and compelling reason warranting a sentence reduction).

In his motion, Mr. Khelifi explains that his facility had a COVID-19 outbreak and that he became very sick with symptoms associated with COVID-19. Thus, he believes that he was infected with COVID-19. He does not claim that he is still experiencing symptoms. Instead, he argues that his health will be at risk if he contracts COVID-19 again. Mr. Khelifi does not argue that he is more susceptible to severe illness from COVID-19 due to any underlying medical conditions identified by the CDC (Centers for Disease Control) as risk factors. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html  (last visited Oct. 28, 2021) (identifying certain medical conditions that can make you more likely to get severely ill from COVID-19). Without any medical conditions that put him at increased risk of severe illness should he contract COVID-19 again, the Court cannot find that

Mr. Khelifi has shown extraordinary and compelling reasons to justify his release. This Court has routinely denied such motions from similar defendants, even when they are incarcerated in a "hotspot" for COVID-19 infections. *See United States v. Dyson*, 2020 WL 3440335, at *3 (S.D. Ind. June 22, 2020) (collecting cases).

Even if Mr. Khelifi had shown that he has medical conditions that increased his chances of experiencing severe COVID-19 symptoms, though, his motion would still fail. Earlier in the pandemic, the Court found on several occasions that a defendant had established extraordinary and compelling reasons warranting release when the defendant suffered from conditions that the CDC recognized as increasing the risk of severe COVID-19 symptoms. *See*, *e.g.*, *United States v. Johnson*, No. 1:99-cr-59-JMS-DML-06, dkt. 317 (S.D. Ind. Mar. 11, 2021). Underlying those holdings was the understanding that the virus was difficult to control in a prison setting, in part because no vaccine had yet been made widely available.

The situation has now changed dramatically. Three vaccines are being widely distributed in the United States, including the Moderna vaccine that Mr. Khelifi received. *See* dkt. 386-1 at 4. Although no vaccine is perfect, the CDC has recognized that mRNA vaccines like the Moderna vaccine are effective at preventing COVID-19 and that COVID-19 vaccination prevented most people from getting COVID-19. *See* https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html (last visited Oct. 28, 2021). Despite Mr. Khelifi's speculation that the vaccine might not work against new variants of the virus, dkt. 386 at 3–4, the CDC also reports that the COVID-19 vaccines authorized for use in the United States offer protection against most variants currently spreading in the United States, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html. Even after Delta became the most common variant of COVID-19, the CDC reports that fully vaccinated people's

risk of being hospitalized or dying from the virus was reduced by 10 times as compared to unvaccinated people. *See* https://www.cdc.gov/mmwr/volumes/70/wr/mm7037e1.htm (last visited Oct. 28, 2021). The vaccines are not 100% effective, and some vaccinated people may still get sick. *See* https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html. The CDC reports, however, that mRNA COVID-19 vaccines have been shown to provide protection against severe illness and hospitalization among people of all ages eligible to receive them, including people 65 years and older who are at higher risk of severe outcomes from COVID-19. *Id.*

COVID-19 vaccines have been made widely available within the BOP. As of October 28, 2021, the BOP has administered more than 235,000 doses of the vaccine and has fully inoculated tens of thousands of BOP staff members and inmates. *See* https://www.bop.gov/coronavirus/ (last visited Oct. 28, 2021). Mr. Khelifi has now received both doses of the COVID-19 vaccine—thus, dramatically reducing his chances of being infected with COVID-19 and suffering severe symptoms if he is infected. In addition, as noted above, more than 80% of the inmates housed at FCI McKean have received both doses of the COVID-19 vaccine. This high rate of vaccination at FCI McKean should provide Mr. Khelifi with additional protection against infection. *See* https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html (last visited Oct. 28, 2021) ("In addition to providing protection against COVID-19, there is increasing evidence that COVID-19 vaccines also provide protection against COVID-19 infections without symptoms (asymptomatic infections). COVID-19 vaccination can reduce the spread of disease overall, helping protect people around you."). The BOP has also met with recent success in controlling the COVID-19 virus at FCI McKean. As noted above, the BOP reports that no inmates at FCI McKean currently have active cases of COVID-19.

Recently, the Seventh Circuit held that COVID-19 could not be an extraordinary and compelling reason for release for an inmate who had declined the vaccine without an adequate medical justification. *See United States v. Broadfield*, 5 F.4th 801 (7th Cir. 2021). In so holding, the court reasoned, "[F]or the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer far more relief than a judicial order. A prisoner who can show that he is unable to receive or benefit from a vaccine may still turn to this statute, but, for the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *Id.* at 803.

Here, Mr. Khelifi has been fully vaccinated against COVID-19, more than 80% of the inmates at his facility have been fully vaccinated, and there are no inmates with current COVID-19 infections at his facility. Given these facts and the rationale of *Broadfield*, the Court declines to exercise its discretion to find that the risk Mr. Khelifi faces from the COVID-19 pandemic constitutes an extraordinary and compelling reason warranting release under § 3582(c)(1)(A). *See United States v. Gaskins*, No. 1:16-cr-249-JMS-MJD-3, dkt. 274 (S.D. Ind. Feb. 16, 2021) (finding no extraordinary and compelling reason based on COVID-19 risk where defendant had been fully vaccinated). All inmates—and, indeed, all people—are subject to some risk from infectious disease. While the COVID-19 vaccine may not offer Mr. Khelifi perfect protection, the risk that he will become severely ill or die from the virus has been substantially diminished.

To the extent that Mr. Khelifi contends that the harsh conditions he has experienced over the last year in connection with the pandemic constitute extraordinary and compelling reasons to release him, *see* dkt. 386 at 8–9, the Court disagrees. Unfortunately, the realities of the pandemic have meant that all inmates have been forced to endure difficult conditions, including onerous

lockdowns and pandemic-related restrictions. Such conditions are not extraordinary and compelling reasons to reduce a sentence, whether alone or in combination with any other factor. Finally, to the extent that Mr. Khelifi complains about the handling of the pandemic at FCI McKean, *see* dkt. 386 at 6, such allegations might form the basis for relief in a civil suit filed in Mr. Khelifi's district of incarceration, but such allegations are not grounds for a sentence reduction under § 3582(c)(1)(A). *See United States v. Dotson*, 849 F. App'x 598, 601 (7th Cir. 2021).

Because the Court declines to find extraordinary and compelling reasons warranting release, it need not determine whether the § 3553(a) factors warrant release.

### III. Conclusion

For the reasons stated above, Mr. Khelifi's motion for compassionate release, dkt. [386], is **denied**. Also, for the reasons stated above, the Court concludes that the interests of justice do not support appointing counsel to represent Mr. Khelifi, and his motion for appointment of counsel, dkt. [387], is **denied**.

**IT IS SO ORDERED.**

Date: 11/1/2021

*Jane Magnus-Stinson*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Mahdi Khelifi
Reg. No. 15379-028
FCI McKean
Federal Correctional Institution
P.O. Box 8000
Bradford, PA 16701